UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,         CASE NO.: 05-60021-CR-COHN/SNOW

    Plaintiff,

vs.

ZAHRA KARIM, *et. al*,

    Defendants.
_____/

### ORDER RE: DEFENDANT ZAHRA KARIM'S REQUEST FOR MODIFICATION OF SENTENCE

**THIS CAUSE** is before the Court upon Defendant Zahra Karim's letter dated August 16, 2006 which will be deemed her *Pro Se* Request for Modification of Sentence [DE 505].  The Court has carefully considered the Request and the Government's Response [DE 509], and is otherwise fully advised in the premises.

Defendant Karim seeks relief from this Court in the form of a modification of sentence based upon the Government's alleged violation of a plea agreement entered into on November 14, 2005 between the Government and Defendant Karim.  The Government does not contest that under the terms of the plea agreement the United States agreed not to oppose Defendant Karim's request that she be permitted to serve her sentence in her home country of Canada, as provided for by law and/or by treaties between the United States and Canada.  Even though the United States Attorney's Office for the Southern District of Florida did not oppose Defendant's treaty transfer request, the United States Department of Justice Office of Enforcement Operations on behalf of the Attorney General denied the request because of the seriousness of the crime and Defendant's failure to fulfill her restitution requirements.

Defendant now asks this Court to essentially modify its sentence regarding her restitution obligation so that she may qualify for treaty transfer. She seeks to pay one-quarter of the total amount of restitution owed in exchange for the approval of her treaty transfer. This Court does not have jurisdiction to affect a transfer under The International Prisoner Transfer Program; that is strictly under the purview of the Attorney General. Moreover, the Court will not modify the restitution obligations imposed. However, since the plea agreement clearly stated, "The United States agrees not to oppose the defendant's request that she be permitted to serve her sentence in her home country of Canada, as provided by law and/or by treaties between the United States and Canada," Defendant Karim had a right to rely on that representation as inclusive of all agencies and departments of the United States. Thus, Defendant Karim is entitled to relief under 28 U.S.C. § 2255; however, that relief can only be awarded by vacating the judgment and sentence and granting Defendant Karim a trial. Defendant Karim's Request does not seek this type of relief. Should Defendant Karim seek such relief, she is advised to review the time limitations set forth in 28 U.S.C. § 2255. Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Zahra Karim's *Pro Se* Request for Modification of Sentence [DE 505]] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of October, 2006.

JAMES I. COHN
United States District Judge

Copies on following page

Copies to:

Robin Rosenbaum, AUSA

Zahra Karim, *Pro Se*
Reg. No. 01727-184
F.C.I.-Dublin
5701 8th Street Camp Parks
Dublin, California 94569